COPY

1  Tammy Hussin, Esq. (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff,
   Carol Sams
11
12
13              UNITED STATES DISTRICT COURT
14             CENTRAL DISTRICT OF CALIFORNIA
15                  EASTERN DIVISION
16
         ED   CV   13  -  01975  GW SPX
17
   Carol Sams,                      Case No.:
18
19          Plaintiff,              **COMPLAINT FOR DAMAGES**
                                    **1. VIOLATION OF FAIR DEBT**
20      vs.                         **COLLECTION PRACTICES ACT,**
                                    **15 U.S.C. § 1692** *ET. SEQ;*
21 Fisher & Burns Financial, LLC; and **2. VIOLATION OF FAIR DEBT**
22 DOES 1-10, inclusive,           **COLLECTION PRATICES ACT,**
                                    **CAL.CIV.CODE § 1788** *ET. SEQ.*
23          Defendants.
                                    **JURY TRIAL DEMANDED**
24
25
26
27
28
                                    COMPLAINT FOR DAMAGES

BY: CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. RIVERSIDE   2013 OCT 30  PM 3: 31   FILED

BY FAX

For this Complaint, the Plaintiff, Carol Sams, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Carol Sams (hereafter "Plaintiff"), is an adult individual residing in Rancho Cucamonga, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Fisher & Burns Financial, LLC ("Fisher"), is a California business entity with an address of 3419 East Chapman Avenue, Suite 500, Orange, California 92869, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Fisher and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Fisher at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.      **The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Fisher for collection, or Fisher was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.      **Fisher Engages in Harassment and Abusive Tactics**

12.     Within the last year, Fisher contacted Plaintiff's friend in an attempt to collect the Debt from Plaintiff.

13.      Fisher left a message for Plaintiff's friend asking for a call back.

COMPLAINT FOR DAMAGES

14.     Plaintiff's friend is not a co-signer and is in no way associated with the Debt.

15.     Plaintiff's friend returned a call to Fisher as requested. During that conversation, Fisher disclosed the details about the Debt to Plaintiff's friend.

16.     Moreover, Fisher falsely stated to Plaintiff's friend that it was attempting to reach Plaintiff to serve her with legal documents. In fact, at that time and to date, Fisher did not file a legal action against Plaintiff.

17.     Plaintiff called Fisher and confronted it about divulging the information about the Debt to a third party.

18.     Fisher spoke with Plaintiff in a rude and aggressive manner, calling Plaintiff "stupid" and asking to put someone "with some sense" on the phone, causing Plaintiff to feel oppressed and humiliated.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

21.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

23.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24.     The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

25.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

31.     Fisher & Burns Financial, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

32.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

33.     The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

34.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

35.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38.     California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

39.     The Defendants intentionally intruded upon Plaintiff's right to privacy by disclosing Plaintiff's private information to a third party.

40.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

42.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D.  Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

    E.  Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

    F.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

    G.  Punitive damages; and

    H.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1

2   DATED:  October 30, 2013          TAMMY HUSSIN

3

4                                                           By:_____

5                                                           Tammy Hussin, Esq.
                                                            Lemberg & Associates, LLC
6                                                           Attorney for Plaintiff, Carol Sams

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ George H. Wu _____ and the assigned
Magistrate Judge is _____ Sheri Pym _____ .

The case number on all documents filed with the Court should read as follows:

## EDCV13-01975 GW (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of
California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 30, 2013
_____
Date

By L. Murray
_____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is
filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**